# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1432V
UNPUBLISHED

| | |
|---|---|
| RUSSELL DEVOE,<br><br>                     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                     Respondent. | Chief Special Master Corcoran<br><br>Filed: March 8, 2022<br><br>Special Processing Unit (SPU);<br>Petitioner's Motion for a Decision<br>Dismissing Petition; Influenza (Flu)<br>Vaccine; Guillain-Barre Syndrome<br>(GBS) |

*Peter M. Young*, Habush, Habush & Rottier, S.C., Wausau, WI, for Petitioner.

*Emily H. Manoso*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On October 22, 2020, Russell DeVoe filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered injuries including Guillain Barre Syndrome as a result of an influenza vaccine received on October 30, 2017. Petition at 1-8. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On March 7, 2022, Petitioner filed a motion for a dismissal decision, acknowledging that he will be unable to demonstrate entitlement to compensation. Petitioner's Motion for

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Decision Dismissing Petition, filed March 7, 2022, at *1 (ECF No. 26).³ Petitioner stated that "[a]n investigation of the facts and science at this stage has demonstrated to the Petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program." *Id.* Under these circumstances, Petitioner stated that "to proceed any further would be unreasonable and would waste the resources of the Petitioner, the Court, the Respondent, and the Vaccine Program." *Id.* Thus, Petitioner requested dismissal, stating that he "understands that a Decision by the Special Master dismissing his Petition will result in a Judgment dismissing his claim in the NVICP. Petitioner has been advised that such judgment will end all of his rights in the NVICP." *Id.*

To receive compensation under the Vaccine Act, Petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) that he suffered an injury that was actually caused by a covered vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Examination of the record does not disclose any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Petitioner's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. § 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that the vaccinee was injured by a vaccine. For these reasons, and in accordance with § 12(d)(3)(A), **Petitioner's claim for compensation is <u>DENIED</u> and this case is <u>DISMISSED</u> for insufficient proof. The Clerk shall enter judgment accordingly**.⁴

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

³ Although Petitioner filed his motion using the CM/ECF event for a motion to dismiss pursuant to Vaccine Rule 21(a), it is clear that Petitioner intended to file a motion to dismiss which would result in a judgment. In the motion, Petitioner acknowledges that his motion will result in a decision and later judgment which will end his rights in the Vaccine Program.

⁴ Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.